**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

                                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,         No. 1:25-MC-0006 (PJE)

                                Defendant.

---

**APPEARANCES:**

Valarie Flores
P.O. Box 110 ACP 5749
Albany, New York 12201
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

**DECISION & ORDER**

In its April 29, 2025, Decision & Order, the Court observed that it is "not clear from the limited information plaintiff provides (*see* Dkt. No. 8, referring to "the loss of my representative payee benefits for my dependent" and "the loss of that portion of income") whether the SSA revoked plaintiff's assignment as a representative payee for her dependent and appointed a new representative payee or whether the SSA terminated the dependent's benefits." Dkt. No. 9 at 3. The Court further noted, "Plaintiff does not submit the letter this Court seeks when proceeding pursuant to a Sharpe motion, despite the Sharpe motion form she used listing this requirement and the Court's request. It appears plaintiff does not have such a letter." *Id.* at 4. Further, the Court stated,

> the hearing plaintiff seeks relates to termination of her dependent child's SSI or SSDI benefits, it is possible that a Sharpe motion is a proper avenue for relief. However, if she is seeking a hearing on her appeal of her removal as a representative payee or Court review of her removal, a Sharpe motion is not proper method for relief.

*Id.* at 4. Finally, as relevant here, the Court stated, "It appears possible that plaintiff has improperly commenced this Sharpe motion; however, the Court needs further information to make that determination." *Id.* at 5.

On May 16, 2025, plaintiff filed a letter with the Court in response to its April 29, 2025, Decision & Order. *See* Dkt. No. 10. The letter is from the Social Security Administration ("SSA") to plaintiff, dated April 30, 2024, and states, "thank you for your willingness to serve as a representative payee. We have decided that it would be best for [REDACTED] FLORES to have her checks sent to another payee." *Id.* at 1. It further provides that plaintiff is to return to the SSA certain funds she had received on behalf of her dependent while serving as the dependent's representative payee. *See id.*

It is now clear, from the submission of this letter, that plaintiff does not seek the Court to compel the SSA to hold a hearing before an ALJ with respect to her dependent's eligibility for SSI or SSDI benefits; instead, she seeks review of her removal of her assignment as the dependent's representative payee or for the Court to compel the SSA to address an appeal of that removal, neither of which falls within the narrow realm of a *Sharpe* motion. *See* Dkt. No. 9 at 3-4. Accordingly, the *Sharpe* motion must be dismissed. *See id.*

Even if, however, plaintiff had commenced this as a Social Security appeal pursuant to 42 U.S.C. § 405(g), the Court would have also dismissed the matter

2

because plaintiff has not shown that she has fully exhausted her administrative remedies.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . ." 42 U.S.C. § 405(g). To obtain a final decision, a claimant must complete the appropriate process of administrative review before the Social Security Administration. See 20 C.F.R. § 404.900(a). This exhaustion requirement extends to challenges made to decisions of the Social Security Administration that a representative payee should be named on behalf of a claimant. *Monet v. Mathews*, 535 F. Supp. 2d 132, 133-36 (D.D.C. 2008); McLoughlin v. Social Security, No. 18-CV-2536 (PKC) (JO), 2018 WL 2088303, at *2 (E.D.N.Y. May 4, 2018).

*Stewart L., Plaintiff, v. Kilolo Kijakazi, Acting Comm'r of Soc. Security; Truestone Fin. Credit Union; & Abe Ross Levine, Defendants*., No. 21-CV-1443 (DTS), 2021 WL 3743230, at *1 (D. Minn. July 30, 2021), *report and recommendation adopted*, No. CV 21-1443 (DSD/DTS), 2021 WL 3741485 (D. Minn. Aug. 24, 2021).[1]  Further,

> "It is well settled that a district court may not review adverse "final decisions" of the Secretary of SSA concerning an individual's entitlement to SSI benefits except as expressly authorized under the Social Security Act." *Blanchard v. Soc. Sec. Admin.*, No. CV-91-1576, 1993 WL 72353, at *2 (E.D.N.Y. Mar. 1, 1993).  To establish subject matter jurisdiction under 42 U.S.C. § 405(g), a plaintiff must seek a "final decision" from the Commissioner of Social Security.  Section 405(g) is the only avenue that Congress has provided for judicial review of a claim arising under the Social Security Act. *See Weinberger v. Salfi*, 422 U.S. 749 (1975); *see also Heckler v. Ringer*, 466 U.S. 602, 614-615 (1984). "The term 'final decision' is not only left undefined by the [Social Security] Act, but its meaning is left to the Secretary to flesh out by regulation." *Weinberger,* 422 U.S. at 766; *see Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). "The Commissioner of Social Security has "wide discretion to . . . decide whether or not to appoint a representative payee at all."

*Guzman v. Comm'r of Soc. Security*, 182 F.Supp.2d 216, 219 (D.P.R. 2002).

---

[1]  The Court will provide plaintiff with copies of unpublished cases it relies on in this Decision & Order.

3

Plaintiff has previously stated that she has "not received any correspondence by the Social Security Administration, about my appeal (for the loss of my representative payee benefits for my dependent) being processed at the social Security Administration offices" and further provides that "no court date has been scheduled with the Social Security Administration regarding my appeal." Dkt. No. 8. In referring to an appeal, it is unclear if plaintiff properly appealed or sought review in an informal fashion. Indeed, in earlier filings, she affirmatively indicated that she "requested a hearing" of her removal as representative payee but has not heard back from the SSA and a hearing has not been scheduled. Dkt. No. 1-1. Even if she properly filed an appeal, it is also unclear if she did so in a timely manner.

Regardless of the format and timeliness of any appeal, however, it is clear that there is no "final decision" from the SSA; thus, plaintiff has not exhausted her administrative remedies, and this Court does not have subject matter jurisdiction over this matter. *Thomas v. Soc. Sec. Admin.*, No. 11-CV-3698 MKB, 2013 WL 1873281, at *4 (E.D.N.Y. May 2, 2013), *aff'd*, 551 F. App'x 24 (2d Cir. 2014) (citing *Muniz v. Astrue*, No. 07-CV-1945, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it.")). Therefore, this Court does not have jurisdiction to review her removal as representative payee, even if she had commenced this matter as a Social Security appeal pursuant to § 405(g) rather than as a *Sharpe* motion.

To the extent plaintiff may be seeking mandamus review,[2] this Court similarly does not have jurisdiction because of the lack of a final determination from the SSA.

> A plaintiff may seek mandamus review "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Binder & Binder PC v. Barnhart*, 399 F.3d 128, 133 (2d Cir.2005) (quoting 28 U.S.C. § 1361); *Lutheran Med.*, 520 F.Supp.2d at 419 (quoting 28 U.S.C. § 1361); *see also Jones*, 526 F.Supp.2d at 459. Mandamus "is intended to provide a remedy only if plaintiff has exhausted all other avenues of relief and if the defendant owes plaintiff a clear non-discretionary duty." *Keesing*, 124 F.Supp.2d at 136 (citing *Heckler v. Ringer*, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)); *see also Caremark Therapeutic Servs. v. Thompson*, 79 F. App'x 494, 496 (2d Cir. 2003) ("To invoke mandamus jurisdiction, a plaintiff bears the heavy burden of showing both that all other avenues of relief have been exhausted and that the defendants have a plainly defined and nondiscretionary duty to perform the act in question."); *Cintron v. Comm'r of Soc. Sec. Admin.*, No. 09-CV-09039, 2011 WL 2791351, at *14 (S.D.N.Y. July 1, 2011) (quoting *Heckler* for the proposition that mandamus only exists when there are no other remedies), *report and recommendation adopted*, No. 09-CV-9039, 2013 WL 208903 (S.D.N.Y. Jan.18, 2013).
>
> Mandamus is not available to Plaintiff because he failed to exhaust other remedies, including administrative appeal of the SSA decision. *Lutheran Med. Ctr.,* 520 F.Supp.2d at 419 ("In order to be entitled to [mandamus] relief . . . , a plaintiff must both exhaust administrative remedies, thereby demonstrating he has no adequate remedy at law, and also show that the defendant had a plainly defined and peremptory duty to perform the act in question."); *Keesing*, 124 F.Supp.2d at 136 (holding that a plaintiff must first exhaust the SSA's administrative remedies before seeking mandamus). Since Plaintiff is challenging the appointment of a representative payee, he must first challenge that decision in the SSA administrative process. *Escalera*, 457 F. App'x at 7; *Keesing*, 124 F.Supp.2d at 136.

*Thomas*, 2013 WL 1873281, at *5.

In sum, this *Sharpe* motion has not been properly commenced, and the Court lacks subject matter jurisdiction to otherwise review the removal of plaintiff as representative payee or to offer mandamus review because plaintiff has not

---

[2] Indeed, this appears to have been her intent, even if brought improperly through a *Sharpe* motion.

demonstrated that she exhausted her administrative remedies with the Social Security Administration.  Accordingly, plaintiff's *Sharpe* motion (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction, and such dismissal further be without prejudice to plaintiff seeking to commence a Social Security appeal through §405(g) but **only in the limited event** that plaintiff can come forward with evidence demonstrating that she timely, properly, and fully exhausted her administrative remedies with the SSA with respect to this matter.

    **IT IS SO ORDERED**.

    Dated: May 22, 2025
          Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge